GARY M. RESTAINO
United States Attorney
District of Arizona
SARAH B. HOUSTON
Assistant U.S. Attorney
Arizona State Bar No. 026691
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: sarah.houston@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 21-01527-SHR-DTF |
| Plaintiff, | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| vs. | |
| Cesar Alejandro Avendano-Soto, | |
| Defendant. | |

The United States of America, through its attorneys, respectfully submits its sentencing memorandum in the above-captioned matter. The sentencing hearing is currently scheduled for February 17, 2023.

**Presentence Report Calculations**

The final presentence report (PSR) identifies a total offense level of 24[1] and a criminal history category I for the defendant resulting in a sentencing guideline range of

---

[1] The final PSR states that the government did not respond to the defendant's objections to the draft PSR. The government did respond, but the document is under seal. (Doc. 71.) Regardless, the government agrees with the amended guideline calculations. Despite requests from the government and U.S. Probation, the victim did not provide any additional documentation of her injuries to support a higher guideline calculation.

51 to 63 months. The government agrees with these calculations. There is no plea agreement in this case.

**Sentencing Factors**

Title 18 U.S.C. § 3553(a) states that when imposing a sentence, a court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." The sentence imposed shall reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to further criminal conduct, and protect the public from further crimes of the defendant. 18 U.S.C. §3553(a)(2). The sentence shall also consider "the need to avoid unwarranted sentence disparities among defendants with similar records, who have been found guilty of similar conduct." 18 U.S.C. §3553(a)(6).

In March of 2020, the defendant, a United States citizen, was crossing from Mexico into the United States at a port of entry in Nogales, Arizona. When the victim, Customs and Border Protection (CBP) Officer J.V., asked him for proof of citizenship, he became angry. He tried to push past her, and she tried to stop him. The defendant then put his arms around her and slammed her to the concrete ground. The entire incident was recorded by a surveillance camera. Officer J.V.'s head hit the ground. She got up quickly, and her injuries were not immediately obvious. The defendant fled to Mexico but was convinced to come back. He was interviewed and released. He was not taken into custody and charged immediately because of the pandemic and his medical condition.

Officer J.V. sought medical treatment and initially was diagnosed with a concussion. However, in the coming days her symptoms became increasingly severe. She was eventually diagnosed with a traumatic brain injury with moderate to severe post-concussive symptoms. As detailed in the PSR, this assault and the resulting injury has had a huge impact on both her day-to-day life and her future.

This unprovoked assault was not the first time that the defendant's actions endangered others at a port of entry, nor is it his first involvement in criminal activity. On April 16, 2017, he was caught attempting to smuggle 0.45 kilograms of methamphetamine into the United States through the port of entry. On November 23, 2017, he punched

another CBP officer in the face when he came through the port of entry. On August 28, 2019, the defendant was arrested for alien smuggling and was sentenced to 30 days imprisonment. On March 22, 2020, he was referred to secondary inspection at a port of entry for verbally harassing CBP officers at the port of entry. These incidents represent a pattern of criminal activity and violent actions towards CBP officers. The defendant is a danger to others.

This concern is heightened by the defendant's substance abuse and untreated mental health. The defendant claims that he has been diagnosed with a mental health issue, but an evaluation that occurred in October of 2021 while he was on pretrial release, does not support that. Regardless, the defendant was not receiving treatment at the time of the assault. Exacerbating any mental health issues, the defendant regularly uses marijuana and cocaine. He continued to use while on pretrial release, which ultimately resulted in the revocation of his release.

The defendant also has failed to take full responsibility for the assault. He continues to blame Officer J.V. by saying it was her fault too. He refuses to recognize that nothing that occurred between him and Officer J.V. justified his physical attack of her. He also tries to use his medical condition as an excuse. Until the defendant recognizes and takes full responsibility for his actions, he is likely to continue to react violently to authority.

//

//

//

//

//

**Recommendation**

The United States agrees with the reasoning and recommendation in the PSR and respectfully requests that the Court impose a sentence of 51 months, followed by a term of supervised release. The Court should order $20,514.08 in restitution. Such a sentence would be consistent with § 3553(a) factors. It would reflect the seriousness of the offense, promote respect for the law, and deter the defendant from committing further crimes.

Respectfully submitted this 10th day of February, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Sarah B. Houston*

SARAH B. HOUSTON
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 10th day of February, 2022, to:

All ECF Participants